UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM D. PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-0876 (PLF) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

This matter is before the Court on the motion to dismiss of the defendant, Michael J. Astrue, the Commissioner of Social Security. Upon consideration of the parties' papers, the relevant statutes, and the entire record in this case, the Court will grant the motion.[1]

I.  BACKGROUND

After plaintiff William D. Paul's application for supplemental security income benefits was denied by the Social Security Administration ("SSA"), he requested review of that denial by an Administrative Law Judge ("ALJ"). See Compl. at 1. When Mr. Paul filed his request for review by an ALJ, he checked a box stating that he 'do[es] not wish to appear at a hearing and [he] request[s] that a decision be made based on the evidence in [his] case[.]" Sur.

---

[1] The papers considered in connection with this matter include: plaintiff's complaint ("Compl.") [Dkt. No. 2]; defendant's brief in support of its motion to dismiss ("Brief") [Dkt No. 4]; plaintiff's response to defendant's motion ("Resp.") [Dkt. No. 5]; defendant's reply ("Reply") [Dkt. No. 8]; and plaintiff's surreply ("Sur.") [Dkt. No. 9].

Ex. 2.  He states that he interpreted this sentence to mean that he was requesting the ALJ to rule on his case without holding a hearing at all and on the then-existing record.  See Compl. at 1.  In other words, Mr. Paul appears to believe that the form he completed was a request that the ALJ review the SSA's denial "on the record" without considering any additional information or evidence.  See Resp. Ex 1(c) at 1-2.  When Mr. Paul was given notice that the ALJ would hold a hearing in his case despite his request and was informed that the ALJ planned to call a vocational expert to testify at the hearing, he objected.  Compl. at 1.

Mr. Paul asserts that he interpreted the notice to mean that his request for review without a hearing was not being honored; that he was not being permitted to challenge the denial of this request; and, most importantly, that he had lost his right to appear at a hearing.  See Compl. at 1-2.  His last assumption is particularly odd, as the ALJ invited Mr. Paul to testify in person or by telephone.  Reply Ex. 4.  The ALJ expressly stated in his letter to Mr. Paul:  "I would like you to be present at the hearing, even if you don't want to testify.  I could also let you listen to the testimony of the vocational expert by telephone . . . on the date and time of the hearing."  Id.  Furthermore, after the hearing but before the ALJ issued his decision, "a copy of the audio hearing recording and vocational expert testimony was proffered by mail to [Mr. Paul] for any comment he wished to make."  Brief Ex. 1 at 4.

Mr. Paul wrote letters to the ALJ, requesting that the hearing be stopped and that his preferred review method be substituted.  Resp. Ex. 1(c) at 1, 3.  The ALJ responded by letter, stating that the ALJ "realize[d] that [Mr. Paul] ha[s], on several occasions emphasized that [he] wanted a decision on the record.  Nevertheless, [the ALJ] set a hearing date because there are vocational issues in [the] case which [the ALJ believed] need to be addressed through testimony

2

by a vocational expert." Reply. Ex. 4.  Mr. Paul "appealed" the ALJ's refusal to issue a decision on the record without a hearing by writing letters to the SSA's District Field Manager, the District Commissioner, the Regional Commissioner, and finally the Commissioner, Michael J. Astrue; none responded.  See Resp. Ex. 1(d)-1(f).

Ultimately, the ALJ reached the merits of the claim and rejected Mr. Paul's request for supplemental security income benefits by a decision issued on August 20, 2009. Mr. Paul then requested a review of the ALJ's decision by the Appeals Council, which denied his request for review on February 18, 2010.  Brief Ex. 2 at 1, 4.  The Council "considered the reasons [Mr. Paul] disagree[d] with the [ALJ's] decision . . . [and] found that this information does not provide a basis for changing the [ALJ's] decision." Id. at 1-2.[2]  The Appeals Council's notice of decision to Mr. Paul also informed him that he had 60 days from receipt of the notice to file a civil action asking for court review, and that it would be assumed that he received the notice within five days of mailing.  Id. at 2.  On May 24, 2010 – 95 days after the Appeals Council's notice – Mr. Paul filed his complaint in this Court.  On August 10, 2010, the defendant filed a motion to dismiss.

## II.  DISCUSSION

The government requests that Mr. Paul's complaint be dismissed as untimely and for want of jurisdiction.  Brief at 1.  It points to Section 205(g) of the Social Security Act, which provides that a civil action to challenge a decision of the Social Security Administration must be "commenced within sixty days after the mailing to [a claimant] of notice of such decision. . . ."

---

[2]     It is unclear whether the Appeals Council was informed of and considered the precise procedural issue Mr. Paul wished to raise.

42 U.S.C. § 405(g). See also 20 C.F.R. § 422.210(c) (any civil action challenging a decision by an ALJ or the Appeals Council "must be instituted within 60 days after the Appeals Council's notice of denial of request for review . . . is received by the individual."). "For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice[.]" Id. Mr. Paul contends that his complaint is not untimely because he is not challenging the decision of the ALJ, but instead the procedures under which the ALJ's review was conducted – specifically, that the government violated its own regulations by failing "to provide him with a specific type of hearing" and by "failing to provide timely notice of the hearing." Resp. at 1. He claims that the Court has subject matter jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., and under 28 U.S.C. § 1331.[3]

        This Court does not have jurisdiction under the APA and 28 U.S.C. § 1331. Congress has provided a limited waiver of sovereign immunity in the Social Security Act which, as noted, requires commencement of suit in federal court within 60 days of any adverse decision by the Social Security Administration. 42 U.S.C. § 405(g). Furthermore, Congress provided that no such decision may be reviewed by any agency or tribunal "except as herein provided" and, specifically, that no action may be commenced against the Commissioner of Social Security or any officer or employee of the SSA "under Section 1331 or 1346 of Title 28." 42 U.S.C. § 405(h). Thus, Section 405(g), with its 60-day window, is the *only* avenue available for plaintiff to seek judicial review, and, by statute, 28 U.S.C. § 1331 is expressly not available. See Heckler

---

[3] As he is also asserting that his due process rights were violated by the agency's failure to follow its own regulations, Compl. at 2, his claim might arguably be brought under 42 U.S.C. § 1983 as well.

v. Ringer, 466 U.S. 602, 616-17, 620-22 (1984); Mathews v. Eldridge, 424 U.S. 319, 326-28 (1976). Plaintiff's failure to file suit in this Court within 60 days of the Appeals Council's decision therefore deprives this Court of jurisdiction.

Even if this Court were to reach plaintiff's argument on the merits of his claim, it would reject the argument as unconvincing. The form Mr. Paul completed to request a hearing by the ALJ asked if he wished to appear in person or to waive his right to appear and instead receive a decision based on the evidence in his case. Sur. Ex. 2. Mr. Paul seems to have interpreted the form as offering him the choice between (a) appearing in person at a hearing in which new evidence was to be considered and (b) refraining from appearing in person and thereby limiting the ALJ's review to the record it had before it without collecting new information. From there he reasons that the ALJ's decision to call a vocational expert was a betrayal of the choice the agency offered him. While Mr. Paul's argument is not illogical, it is incorrect. The regulations expressly state, and Mr. Paul was advised, that "[e]ven if all of the parties waive their right to appear at a hearing, we may notify them of a time and a place for an oral hearing, if the administrative law judge believes that a personal appearance and testimony by you or any other party is necessary to decide the case." 20 C.F.R. § 404.950(b). And once the ALJ decided to hold a hearing and take evidence, Mr. Paul was so advised and given the option of appearing in person or by telephone. See supra at 2. The form that Mr. Paul completed did not present him with the option to limit the scope of the ALJ's review, as the ALJ made clear in his correspondence with plaintiff. See Reply Ex. 4. Mr. Paul's belief that he had lost his right to

5

appear at the hearing was similarly unfounded, as the ALJ invited him to appear despite his waiver.  Id.[4]

### III.  CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss will be granted.  An Order consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.

DATE:  January 5, 2012

/s/
PAUL L. FRIEDMAN
United States District Judge

---

[4]     Mr. Paul's contention that he did not receive timely notice of his hearing before the ALJ is also incorrect.  20 C.F.R. § 404.938 states that "[t]he [hearing] notice will be mailed or served at least 20 days before the hearing."  20 C.F.R. § 404.938.  Mr. Paul states that he received notice of his June 4, 2009 hearing on or before May 12, 2009.  See Compl. at 1.  Mr. Paul asserts that he thought this notice was in error.  Sur. at 5 n. 4.  Whether or not he believed the notice was true does not change the fact that he received it in a timely fashion.